

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

Paul T. Weinstein
*Partner*
Tel: 212-238-3090 • 212-653-1774
Fax: 212-238-3100 • 212-653-1760
pweinstein@emmetmarvin.com

August 7, 2009

Cristina Posa
Melissa Marrus
Assistant United States Attorneys
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:    United States v. Ehud Tenenbaum,
<u>Criminal Docket No. 08-747 (CPS)</u>

Dear Ms. Posa and Ms. Marrus:

On behalf of Ehud Tenenbam, we formally request, pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure; <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), <u>United States v. Agurs</u>, 427 U.S. 97 (1976), <u>United States v. Bagley</u>, 473 U.S. 667 (1985), and <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995); and the Fifth and Sixth Amendments to the United States Constitution, that the material described below be produced to us.  You have been providing discovery in this matter, and this letter is simply to formalize the defendant's discovery requests.

Please produce:

1.      A copy of any prior criminal record of our client.  Fed. R. Crim. P. 16(a)(1)(D).

2.      All books, papers, documents, photographs, videotape recordings, audiotape recordings, microfilm, microfiche, computer data storage systems or tangible objects, or copies or portions thereof (hereinafter referred to in this letter as "documents"), which were obtained from or belong to our client, including, but not limited to, e-mails and memoranda.  This request includes any documents obtained from or which were the property of any agent of our client, in either his personal or business capacity.  Fed. R. Crim. P. 16(a)(1)(E)(iii).

EMMET, MARVIN & MARTIN, LLP

3.      All documents, or copies or portions thereof, which are within the possession, custody or control of the government, which are material to the preparation of the defense, pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i).

4.      All documents, or copies or portions thereof, which are within the possession, custody or control of the government that the government intends to use at trial in its case in chief.  Fed. R. Crim. P. 16(a)(1)(E)(ii).

5.      Given the volume of documents in this case, we request that, 60 days prior to the trial date, the government specifically identify from among the documents produced pursuant to our Rule 16 requests any documents that will be introduced into evidence by the government at trial, both to enable counsel to prepare effectively for trial and to afford us an opportunity to file appropriate motions. See United States v. Upton, 856 F.Supp. 727 (E.D.N.Y. 1994); United States v. Turkish, 458 F. Supp. 874, 882 (S.D.N.Y. 1978), aff'd, 623 F.2d 769 (2d Cir. 1980).

6.      Any and all photographs and audiotape and/or videotape recordings that were made in conjunction with this case or which relate in any manner to this case, which are in the possession, custody or control of the government, that (i) are material to the preparation of the defense; (ii) that the government intends to use at trial; or (iii) that were obtained from or belong to our client.  Fed. R. Crim. P. 16(a)(1)(E).

7.      All results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, and all documents referring or relating to such reports, that were conducted in connection with any investigation of the charges contained in the Indictment, including, but not limited to, forensic analyses of any documents, physical, mental or polygraph examinations, handwriting analyses, finger-print comparisons, and electronic testing.  Fed. R. Crim. P. 16(a)(1)(F).

8.      If the government intends to call expert witnesses in this case, we request that the government provide a list of the names of such persons.  In the case of such expert witnesses, we request that the government provide a written summary of testimony that it intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.  Fed. R. Crim. P. 16(a)(1)(G).

EMMET, MARVIN & MARTIN, LLP

9.     As a predicate to motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure:

(a)     If any evidence was obtained by search and seizure, please provide a description of such evidence, and copies of the corresponding warrants and affidavits, and if said search was warrantless, set forth the nature of the information upon which the search was based and the date said information was received by the government;

(b)     Please confirm that no evidence or other information in the government's possession, custody, or control was obtained through the use of a beeper, other tracking device, mail cover, or electronic or audio surveillance of any kind.  If any evidence was obtained through these investigative techniques, please set forth the date, time, place, and a description of each interception, and provide any and all documents related to or reflecting any information derived therefrom;

(c)     Please inform us whether any persons were present during grand jury proceedings other than the grand jurors, the witness under examination, the court reporter, and the attorney(s) for the government;

(d)     Please inform us whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury, were disclosed or released to any person other than the grand jurors, court reporters, and attorney(s) for the government;

If any evidence was obtained through any means set forth in subparagraphs (a) through (d), we also request all relevant applications or other supporting documents for court orders, all such court orders, all reports by the government to the court, and all tapes, logs, transcripts, and line sheets resulting from such interception or surveillance.

10.     Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure and Rule 1006 of the Federal Rules of Evidence, please inform us whether the government will seek to offer any chart, summary, or calculation in evidence and if so, please make available for inspection and copying any such chart, summary, or calculation, as well as all writings, recordings, photographs, videotape recordings, or other information on which such charts, summaries, or calculations are based.

11.     Pursuant to the provisions of Rule 104 of the Federal Rules of Evidence, Rules 12(b)(4)(B) and 16(a)(1)(A) of the Federal Rules of Criminal Procedure, and the defendant's right to effective representation by counsel and a fair trial, we request that the government disclose whether it intends to offer in its case in chief as a statement by our client, and produce to us, any of the following:

EMMET, MARVIN & MARTIN, LLP

(a)    Any written, recorded or oral statement made by our client in either an individual or a representative capacity, Fed. R. Evid. 801(d)(2)(A);

(b)    Any written, recorded or oral statement as to which our client manifests his adoption or belief in its truth, Fed. R. Evid. 801(d)(2)(B);

(c)    Any written, recorded or oral statement made by another individual or entity which was purportedly authorized by our client, or is deemed to be an admission by our client, Fed. R. Evid. 801(d)(2)(C);

(d)    Any written, recorded or oral statement by an agent or servant of our client concerning a matter within the scope of the agency or employment made during the existence of such a relationship, Fed. R. Evid. 801(d)(2)(D); or

(e)    Any written, recorded or oral statement by an alleged co-conspirator made during the course of or in furtherance of the conspiracy alleged in the indictment, Fed. R. Evid. 801(d)(2)(E).

12.    Please provide any written, recorded or oral statement of our client, pursuant to Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure.

13.    Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, and Rules 403 and 404(b) of the Federal Rules of Evidence, we request that, 60 days prior to the trial date, the government disclose all evidence of other similar crimes, wrongs, or acts, allegedly committed by our client, upon which the government intends to rely.  If the government intends to offer any such evidence, set forth the date, place and nature of each purportedly similar act, so that we can properly ask the Court for a determination concerning its admissibility pursuant to Fed. R. Evid. 403 and 404.

14.    We request that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case in chief.  See United States v. Savin, 2001 WL 243533 (S.D.N.Y. 2001); United States v. Rueb, 2001 WL 96177 (S.D.N.Y. 2001).

15.    Given the scope of this case, we request production of all materials required to be produced pursuant to 18 U.S.C. § 3500 no later than 30 days prior to the trial date.

16.    Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972), we request (i) immediate disclosure of all exculpatory material in the government's possession, custody, or control or otherwise known to the government, and (ii) disclosure of all impeachment material in the government's possession, custody or

EMMET, MARVIN & MARTIN, LLP

control or otherwise known to the government at least 60 days prior to the trial date, including the following:[1]

(a)      Any and all records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including, but not limited to, relevant "rap sheets," of each witness the government intends to call at trial;

(b)      Any and all records and information revealing misconduct, criminal acts or bad acts of any witness the government intends to call at trial;

(c)      Any and all considerations or promises of consideration given during the course of the investigation or prosecution of this matter by any law enforcement officials, including prosecutors, agents, police, or informers, to or on behalf of any witness the government intends to call at trial or any such consideration or promises requested by such witness, or any such consideration expected or hoped for by any such witness at any future time.   Such "consideration" refers to anything that arguably could be of value or use to a witness or a witness' employer, including, but not limited to:  (i) formal or informal, direct or indirect leniency, favorable treatment, or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, or other matter involving the state or federal government, or any other matter involving the state or federal government, any other authority, or other parties; (ii) civil, criminal, or tax immunity grants to a witness; (iii) payments of money, rewards or fees, witness fees, and special witness fees; (iv) provisions of food, clothing, transportation, legal services or other benefits; (v) letters to anyone informing the recipient of a witness' cooperation; (vi) recommendations concerning federal aid or benefits; (vii) promises to take affirmative action to help the status of a witness in a profession, business, or employment, or promises not to jeopardize such status; (viii) aid in efforts in securing or maintaining the business or employment of a witness; and (ix) anything else that arguably could reveal an interest, motive or bias in a witness in favor of the prosecution or against our client, or act as an inducement to testify or to color the witness' testimony;

(d)      Any and all statements, formal and informal, oral or written, by the prosecution, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any government action, state or federal, civil, criminal, or immigration matters against the witness, or anyone related by blood or marriage to the witness;

---

[1] As it is not possible for the defendant to know what exculpatory information is possessed by the government, including witness statements and documents, the following specific requests are illustrative, and are not exclusive.  The defendant requests all exculpatory evidence of any type possessed by the government.

EMMET, MARVIN & MARTIN, LLP

(e)     Any and all threats, express or implied, direct or indirect, or other coercion directed against any witness whom the government intends to call at trial, or anyone related by blood or marriage to the witness, to induce testimony favorable to the government; criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against any such witness, or anyone related by blood or marriage to the witness; any probationary, parole or deferred prosecution status of any such witness, or anyone related by blood or marriage to the witness; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions involving any such witness, or anyone related by blood or marriage to the witness, and the state or federal government, or over which the state or federal government has real, apparent or perceived influence;

(f)     A list of any and all requests or demands made to the government by any witness whom the government intends to call at trial that arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action on behalf of the witness (regardless of whether or not the government has agreed to provide any favorable action);

(g)     All documents and other evidence regarding drug and alcohol usage and/or dependency by any individual the government intends to use as a witness at trial, including, but not limited to, records relating to treatment of such individual in any federal, state, territorial, city or military drug or detoxification program;

(h)     All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the government intends to use as a witness at trial, or any member of the immediate family of any such witness, including but not limited to records of hospitalization or other treatments for such physical or mental disease, disability, or disorder;

(i)     Any material not otherwise listed that reflects or evidences the motivation of any witness to cooperate with the government or reflects or evidences the competency or credibility of the government's witness or the witness' bias or hostility against our client;

(j)     A list of all other judicial proceedings involving a criminal matter in which any person who is a potential prosecution witness in this action participated as a witness, was identified as an unindicted co-conspirator or an aider and abettor, or was charged as a defendant;

(k)     Any statements or documents, including, but not limited to, grand jury testimony and federal, state, and local tax returns made or executed by any potential prosecution witness at the trial in this action which the prosecution knows, or through reasonable diligence should have reason to know are false;

EMMET, MARVIN & MARTIN, LLP

(l)      The existence and identification of each occasion on which any witness, including any witness who is or was an informer, accomplice, co-conspirator, or expert, has testified before any court, or other tribunal or body, or otherwise has given an official narration, in relation to our client, the investigation, or the facts of this case;

(m)      Any written or oral statements (whether or not such oral statements were reduced to writing) made by any potential prosecution witness, which in any way contradict or are inconsistent with or different from other oral or written statements he or she has made or his or her anticipated trial testimony;

(n)      Any written or oral statements (whether or not such oral statements were reduced to writing) made to the prosecution, its agents, or representatives by any individual, whether or not that individual is a witness, which in any way contradict, or are inconsistent with or different from any statements made by a potential prosecution witness or the anticipated trial testimony of any potential prosecution witness;

(o)      Any requests prepared by the prosecution for permission to grant immunity or leniency to any witness, whether or not such request was granted;

(p)      Any statements read or given by the government to the departments of pretrial services or probation in connection with the prosecution or conviction of any prosecution witness or potential prosecution witness;

(q)      Copies of all letters and/or memoranda written to the court in connection with the sentencing of any potential prosecution witness;

(r)      Any and all other records and/or information that arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecutor's evidence;

(s)      The same records and information requested in items (b) through (s) with respect to each non-witness declarant whose statements may be offered in evidence;

(t)      The names and addresses of all persons whom the prosecution, its agents, and its representatives, believe to have relevant exculpatory knowledge or information with reference to the charges contained in the indictment;

(u)      Copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the government or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with the investigation, which are exculpatory in nature or favorable to our

EMMET, MARVIN & MARTIN, LLP

client or which may lead to material which is exculpatory in nature or favorable to our client, or which tends to negate or mitigate the guilt of our client, as to the offense charged, or which would tend to reduce the punishment thereof.  Please include the names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory material or who may lead to persons or material which may be favorable or exculpatory; also include all written or recorded statements or the substance of oral statements by any person which are in any way conceivably inconsistent with the testimony or expected testimony any witness will give at trial and any other evidence which otherwise reflects upon the credibility, competency, bias or motive of the government's witnesses;

(v)      Copies of any and all records of law enforcement or other governmental agencies reflecting intra-departmental disciplinary action taken against any law enforcement or agency official who will testify in this proceeding, including all such records from any governmental agency for which the witness previously worked; and

(w)      Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards, or recognition of any kind made by, any government agent or law enforcement officer for any work, action or conduct undertaken in connection with the investigation and prosecution of this case.

Each of these requests is of a continuing nature and calls for supplementation as soon as the government discovers additional responsive evidence, information, or material.  We also request that the government preserve and maintain all relevant notes, reports, and recordings prepared by or for government agents or prosecutors, as well as any document, paper, tangible object, tape recording, or other potential item of evidence which is now or may hereafter come within the government's possession, the production of which is requested in this letter.

Very truly yours,

/S_____
Paul T. Weinstein